**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2523

AMIRA ASSIBI GNON KONDE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-216-078)

Submitted: July 22, 2005                    Decided: August 10, 2005

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Frank D. Whitney, United States Attorney, Anne M. Hayes, David J. Cortes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Amira Assibi Gnon Konde, claiming to be a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

We will reverse a determination denying eligibility for asylum "only if 'the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We have reviewed the evidence of record and find that substantial evidence supports the immigration judge's conclusion that Konde failed to establish either past persecution or a well-founded fear of future persecution. Accordingly, we uphold the immigration judge's denial of asylum relief.

Konde next challenges the finding that she failed to meet her burden of proof to qualify for withholding of removal or

protection under the Convention Against Torture. Based on our review of the record and of the immigration judge's decision denying relief, we hold that the immigration judge did not err in finding that Konde failed to show a "clear probability of persecution," or that it is "more likely than not" that she would face torture if she returned to Togo. See Rusu, 296 F.3d at 324 n.13 ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."); 8 C.F.R. § 1208.16(c)(2) (2005) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We reject Konde's arguments that she was denied due process at the hearing before the immigration judge. "In order to prevail on a due process challenge to a deportation or asylum hearing, an alien must demonstrate that he was prejudiced by any such violation." Rusu, 296 F.3d at 320. Konde fails to show any such prejudice.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>